NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 3 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHIDINMA SALAKO, | No. 24-6875 |
| Plaintiff - Appellant, | D.C. No. 2:24-cv-00118-DWL |
| v. | MEMORANDUM* |
| LILIAN KIM FRANKLIN; FLONANCY LONG; ANGELA MORENO, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted July 29, 2026**

Before:    McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

Chidinma Salako appeals pro se from the district court's judgment

dismissing her employment action for lack of subject matter jurisdiction.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Cook v. AVI Casino*

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Enters., Inc.*, 548 F.3d 718, 722 (9th Cir. 2008).  We affirm.

The district court properly dismissed Salako's action because Salako failed to satisfy her burden of establishing that tribal sovereign immunity did not bar her action.  *See Pistor v. Garcia*, 791 F.3d 1104, 1110-1111 (9th Cir. 2015) (holding that tribal sovereign immunity extends to a tribe's officials sued in their official capacities and that "[i]n the context of a Rule 12(b)(1) motion to dismiss on the basis of tribal sovereign immunity, the party asserting subject matter jurisdiction has the burden of proving its existence, i.e. that immunity does not bar the suit" (citation and internal quotation marks omitted)); *White v. Univ. of Cal.*, 765 F.3d 1010, 1025-26 (9th Cir. 2014) (holding that tribal sovereign immunity "extends to arms of the tribe acting on behalf of the tribe" and setting forth factors to consider in determining whether an entity is entitled to share in a tribe's immunity).

The district court did not abuse its discretion by denying Salako leave to file an amended complaint because amendment would be futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

The district court did not abuse its discretion by denying Salako's motion for sanctions because Salako failed to establish any basis for sanctions.  *See Havensight Cap. LLC v. Nike, Inc.*, 891 F.3d 1167, 1171, 1174 (9th Cir. 2018)

(setting forth standard of review and grounds for sanctions under Fed. R. Civ. P. 11).

The district court did not abuse its discretion by denying Salako's motion for a case management conference because it had not yet ruled on defendants' motion to dismiss. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (setting forth standard of review and noting that district courts have "broad discretion" to manage pretrial litigation).

We reject as without merit Salako's contention that the district judge was biased against her and violated her due process rights.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents or facts not presented to the district court. *See United States v. Elias*, 92 F.2d 870, 874 (9th Cir. 1990).

All pending requests are denied.

**AFFIRMED.**